THE STATE OF KANSAS v. JOSEPH STILLWELL.

GAMBLING; *Gambling Device; Betting on Cards.* Where, under § 240 of the act relating to crimes and punishments, which makes it unlawful for any person to bet upon a gambling device, or to bet upon any game played by means of any such gambling device, an indictment was drawn charging substantially as follows: The grand jurors "find that J. S. is guilty of the crime of gambling, for that the defendant did play cards for money, checks, and other valuable things, all of which is contrary to the statute," etc.; and the indictment did not in any other manner allege that the defendant bet on said cards, or that he bet at all, or that said cards were a gambling device, or that the defendant bet on a gambling device, or that he bet on any game played by means of a gambling device, *held,* that the indictment was and is insufficient, and that the court below did not err in quashing it.

*Appeal from Greenwood District Court.*

AN indictment was found by the grand jury, in the following words:

STATE OF KANSAS, GREENWOOD COUNTY:
    In the district court of Greenwood county, for the April
    Term in the year 1875.
THE STATE OF KANSAS ⎫
            vs.            ⎬ Indictment for Gambling.
JOSEPH STILLWELL.    ⎭
    The jurors of the grand jury of the state of Kansas, duly drawn, sworn, and charged to inquire of offenses committed

within the said county of Greenwood, in the name and by the authority of the state of Kansas, do present and find, that Joseph Stillwell is guilty of the crime of gambling, for that the said defendant, in said county of Greenwood, did, on the first day of July 1874, in a certain frame building on lot 7, block 18, in the city of Eureka, play cards for money, checks, and other valuable things, all of which is contrary to the statutes in such cases made and provided.

Subsequently, and at said April Term 1875, the district court, on defendant's motion, quashed said indictment, and *The State* appeals.

*W. C. Huffman,* for The State.

*R. M. Ruggles,* for the defendant.

The opinion of the court was delivered by

VALENTINE, J.: This was a criminal prosecution. The prosecution was commenced under § 240 of the crimes act. (Gen. Stat. 370.) This section provides, that any person who shall bet at or upon any gambling device, or shall bet upon any game played at or by means of any such gambling device, shall be deemed guilty of a misdemeanor, and be punished by fine not exceeding one hundred dollars nor less than ten dollars. The indictment in this case charges substantially as follows: The grand jurors "find that Joseph Stillwell is guilty of the crime of gambling, for that the said defendant * * * did * * * play cards for money, checks, and other valuable things, all of which is contrary to the statutes," etc. The indictment is evidently defective. The offense intended to be charged was *betting* on a *gambling device,* or on a game played by means of such *gambling device.* But there is no allegation in the indictment that the cards used were a gambling device, and there is no allegation that the defendant bet on them, or that he bet at all. Now, cards are not necessarily a gambling device. They are indeed seldom used as such, but generally they are used merely as a source of amusement. If the cards in this particular case were a gambling device, the indictment should have so alleged. (*Rice v. The*

3—16 KAS.

*State,* 3 Kas. 142, 169; *The State v. Hardin,* 1 Kas. 474.) We do not wish however to be understood as approving the case of *The State v. Hardin,* to the extent that it goes. Cards may or may not be a gambling device, just as they are used, and intended to be used. A person may bet on a game of cards, without betting on a gambling device, or on a game played by means of a gambling device. Suppose that A. and B. play merely for amusement, with a deck of cards kept merely for amusement, and C. and D. bet on the game: would any one claim that C. and D. bet on a gambling device, or on a game played by means of a gambling device? And a person may play cards for money without betting on them. Suppose a person is hired to play cards for others to bet on, or for the purpose of showing his skill, or to teach others the tricks that may be performed with cards: would he not be playing for money, or for some other valuable consideration? It is easy enough to draw good indictments; and hence it is not necessary to prosecute any person on such an indictment as the one we now have under consideration.

The judgment of the court below must be affirmed.

All the Justices concurring.

In the case of *The State of Kansas,* appellant, *v. Alonzo Shewalter,* appellee, also brought here from Greenwood district court, the following opinion was filed:

VALENTINE, J.: Precisely the same questions are involved in this case as in the case of *The State v. Stillwell,* just decided; and hence the same judgment must be rendered in this case as in that. Judgment affirmed.

All the Justices concurring.