The State v. Turner.

THE STATE OF KANSAS, *Appellee*, V. SCOTT TURNER, *Appellant.*

No. 17,739.

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Gambling—Information—No Duplicity.* The crime denounced by section 2726 of the General Statutes of 1909 can not be charged in an information or defined in an instruction without resort to language used in section 2725.

2. —— *Same.* The gravamen of the crimes defined in section 2725 of the General Statutes of 1909 is the setting up and keeping of any gambling device or inducing or permitting any person to play thereat or the keeping of a place or room for such purpose or to which others are accustomed to resort for such purpose.

3. —— *Same.* The gravamen of the crime defined in section 2726 of the General Statutes of 1909 is the permitting of another to set up or use any gambling device in a building or on premises in one's ownership or control.

4. —— *What May Constitute a "Gambling Device."* A table with poker chips and cards used for the purpose of gambling is a gambling device.

5. —— *Evidence—Reputation as Gambling House.* When there is evidence sufficient to show that a gambling device is set up and used in a building or on premises by some one other than the one in possession or control thereof, evidence of the reputation of the place as a gambling resort is admissible for the purpose of proving that the one in possession or control has knowledge of and permits the use of the premises for such purposes.

29—87 KAN.

Appeal from Seward district court.    Opinion filed June 8, 1912.    Affirmed.

*F. S. Macy*, and *J. P. McLaughlin*, for the appellant.

*John S. Dawson*, attorney-general, *S. M. Brewster*, special assistant attorney-general, and *Clyde R. Commons*, county attorney, for the appellee.

The opinion of the court was delivered by

SMITH, J.: The appellant, on preliminary examination, was bound over, charged by information, tried, convicted and sentenced for the crime defined in section 2726 of the General Statutes of 1909, which reads:

"Every person who shall permit any gambling-table, bank or device prohibited by the first section of this act, to be set up or used for the purpose of gaming, in any house, building, shed, booth, shelter, lot, or other premises to him belonging, or by him occupied, or of which he has at the time possession or control, shall on conviction be adjudged guilty of a felony, and punished by imprisonment at hard labor for a term of not less than one year nor more than five years."

The information was in one count only and, omitting the formal portions, reads as follows:

"That on or about the 5th day of December, A. D. 1910, in said county of Seward and state of Kansas, one Scott Turner did then and there unlawfully, feloniously and knowingly permit and allow to be set up and maintained gambling device and devices composed of tables used for gaming, playing cards, red, white and blue celluloid chips, the same being then and there adapted, devised and designed for the purpose of playing a game and games of chance commonly known as 'poker,' and a game and games of chance commonly known as 'pitch,' and other games of chance for money and other property, in the house owned and occupied by him, the same being located on lots 40, 41, 42 and the south ½ of lot 43, all in block one (1), Craig's First Addition to the city of Liberal, Seward county, Kansas.    That the said defendant, then and there being, did then and there permit and allow various per-

sons to congregate in said house so owned and occupied by said defendant, and then and there being, did then and there permit and allow various persons to engage in and play a game and games of chance commonly known as 'poker,' and a game and games of chance commonly known as 'pitch,' and other games of chance; that said games so permitted and allowed were played for lawful money of the United States of America and other property, and were played by means of the aforesaid gambling device and devices which the said defendant so allowed and permitted to be set up and maintained in said house above described."

The information was attacked by a plea in abatement on ten different grounds, only one of which is urged. It is contended that two or more felonies were charged in the one count, one under section 2725 of the General Statutes of 1909, and one under section 2726. We think the plea in abatement was properly overruled. It will be observed from a reading of section 2726 that it refers to section 2725 in such a way that it is impossible to define an offense under the former section without embodying a portion of the latter. The fact remains, however, that the appellant was tried and convicted of only one crime. Instruction No. 5, given by the court, as well as the verdict of the jury, limited the conviction to the crime denounced in section 2726, and even if some evidence would seem to tend to show guilt of another offense than that for which conviction was had the offenses are so allied in character and description that such evidence would not prejudice a jury as might the evidence of two dissimilar crimes upon a trial for one of the crimes.

As in the information, the court, in defining the crime in instruction No. 3, was compelled to link together a portion of section 2725 with section 2726, but we think it can not be said that it instructed upon two separate crimes. The instruction reads:

"3. Sections 2726 and 2725 of the Statutes of Kan-

sas, so far as applicable to this case, in defining the crime charged, read as follows:

" 'Every person who shall permit to be set up or used for the purpose of gambling, any table or gambling device commonly called A, B, C, faro bank, E. O., roulette, equality, keno, wheel of fortune, or any kind of gambling table ' or gambling device, adapted, devised and designed for the purpose of playing any games of chance for money or property . . . in any house, building, shed, booth, shelter, or other premises to him belonging, or by him occupied, or of which he has, at the time, possession or control, shall, on conviction, be adjudged guilty of a felony.' "

From the verdict it is evident that the jury were not misled by the instructions.

The appellant further contends that the court erred in allowing the county attorney to indorse additional names upon the information shortly before the commencement of the trial. This is a matter that rests in the sound discretion of the court and we think the discretion was not abused.

It is contended by the appellant that before a person can be convicted under section 2726, of permitting any gambling table, bank or device, prohibited by section 2725, to be set up and used for the purpose of gambling, etc., such device must be of like character to those called "A, B, C, faro bank, E. O., roulette, equality, keno, wheel of fortune," etc. We do not think it is essential that the gambling device should be of like character to those specified, and disapprove what was said on this subject in *The State v. Hardin*, (Dass. ed.) 1 Kan. 443, and approve what was said on the same subject in *The State v. Stillwell*, 16 Kan. 24. The language used in the statute would seem to exclude the construction contended for. "Any kind of a gambling table or device" is included. The purpose is to prohibit any person from permitting any gambling table or device of any character to be set up and used for the purpose of gambling in any house, building or premises belong-

ing to, occupied or controlled by him. A table with poker chips and cards used for the purpose of gambling is such a device. It is not the permitting of card playing that is condemned by the act, but it is the permitting of gambling by any device in a building or premises under one's control that is made punishable.

Again, it is contended that the court erred in admitting testimony that it was a matter of general reputation in the neighborhood that the premises under the control of the appellant were used as a gambling resort. This, while perhaps not the strongest evidence that the premises were so used to appellant's knowledge, is some evidence. There is a presumption that what the people generally in a neighborhood know concerning the occupation and conduct of a place, the owner or one in control of such premises, having better means of knowledge, also knows. This evidence seems to have been produced to show that the appellant knew of and permitted the tables and cards, ordinarily not gambling devices, to be used for that purpose on his premises. In *The State v. Brooks,* 74 Kan. 175, 85 Pac. 1013, it was said:

"In a prosecution against the owner of a building for knowingly permitting its use in maintaining a nuisance, the state, after introducing sufficient evidence to justify a finding that the building was so used, may then, as tending to bring knowledge of that fact home to the defendant, show that it had the general reputation in the community of being used for that purpose." (Syl. ¶ 3.)

The evidence was sufficient to justify the conviction in this case and no material error, prejudicial to the rights of the appellant, was committed on the trial.

The judgment is affirmed.